[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14243
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00399-SCJ-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CYNTERIA ROSATTA PITTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2021)

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Cynteria Pitts appeals her sentence of 15 months' imprisonment, imposed on the district court's second revocation of her supervised release, under 18 U.S.C. § 3583(e).  On appeal, Pitts argues that her sentence was substantively unreasonable because her violation did not justify a 3-month upward variance.  After careful review, we affirm.

We review the sentence imposed upon revocation of supervised release for reasonableness.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  The reasonableness of a sentence is determined by considering the totality of the circumstances.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The abuse-of-discretion standard applies to appellate review of sentencing decisions, and under that standard, we will affirm any sentence that falls within the range of reasonable sentences, even if we would have decided that a different sentence was more appropriate.  *United States v. Irey*, 612 F.3d 1160, 1188, 1191 (11th Cir. 2010) (*en banc*).  The party who challenges the sentence bears the burden of showing that the sentence is unreasonable.  *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

On determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a prison term.  18

2

U.S.C. § 3583(e)(3). A district court must consider some of the factors outlined in 18 U.S.C. § 3553(a) when imposing a sentence after revoking supervised release. *See* 18 U.S.C. § 3583(e); *Vandergrift*, 754 F.3d at 1308. Specifically, the district court must consider "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," which include, among other things, the nature and circumstances of the crime and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed correctional treatment in the most effective manner; and the applicable guideline range and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(e). In addition, the comments to the Sentencing Guidelines suggest that supervised-release violations are a "breach of trust" and direct the court to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sent'g Comm'n, *Guidelines Manual*, § 7A3.B (Nov. 2018).

A court can abuse its discretion by imposing a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189 (citation omitted). Moreover, a district

3

court's unjustified reliance on any one § 3553(a) factor may suggest an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, the district court can give great weight to one factor over others. *See United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually, so long as the record reflects that it considered the party's arguments and the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). We will remand for resentencing only when we are left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (citation omitted).

We hold that Pitts's 15-month sentence was substantively reasonable. Pitts generally asserts that consideration of the § 3553(a) factors should have led to a lesser sentence. In essence, Pitts simply disagrees with the weight the district court gave to the statutory factors. Pitts has not, however, shown that the district court abused its discretion by committing a "clear error of judgment" in revoking Pitts's supervised release and sentencing her to 15 months' imprisonment. *See Pugh*, 515 F.3d at 1191. Rather, the district court appropriately considered the statutory sentencing factors and arrived at a sentence that fell within the range of reasonable

4

sentences.  18 U.S.C. § 3553(a); *see Irey*, 612 F.3d at 1191.  The district court indicated the need to deter Pitts when it reminded her that she was revoked on her first supervised release and absconded from bond and noted that her issue was "obeying and following the rules."  *See* 18 U.S.C. §§ 3583(d)(1), 3553(a)(2)(B), (C).  It was well within the district court's discretion to give these factors significant weight given Pitts's previous offenses of the same nature, and her multiple release and bond violations.  *See Cubero*, 754 F.3d at 892.  The district court stated that it considered all of the § 3553(a) factors and the parties' arguments, and it was not required to discuss each factor or each of the parties' arguments individually in arriving at a reasonable sentence.  *Dorman*, 488 F.3d at 938.

Although Pitts argues that her violation was a "relatively minor offense" and did not justify a 3-month upward variance, the district court provided several justifications for the sentence.  Pitts's repeated breaches of the court's supervised release orders constituted a severe "breach of trust," which the district court was entitled to "sanction . . .  while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. § 7A3.B.  Indeed, the district court stated that it had tried twice to let her stay out and that Pitts "let [the district court] down" and "didn't do what she promised she would do."  Thus, the district court properly considered that this was

5

not Pitts's first violation of her supervised-release conditions, and the violation involved the same type of conduct as her previous supervised-release and bond violations. *See* U.S.S.G. § 7A3.B.

In addition, the degree of variance, 3 months above the high end of the guideline range, was not unreasonable, and the 15-month sentence was significantly less than the statutory maximum of 36 months, further indicating the reasonableness of the sentence. *See Gall v. United States*, 552 U.S. 38, 47 (2007); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Finally, Pitts's previous within-guideline revocation sentence was insufficient to compel her to comply with court orders, as evidenced by her subsequent violation, which led to the current sentence. *Irey*, 612 F.3d at 1189. Accordingly, the 15-month sentence was sufficient but not greater than necessary to accomplish the statutory goals of sentencing. *See* 18 U.S.C. § 3553(a).

**AFFIRMED.**